UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA MERCHANT,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BANK OF AMERICA CORP., et al.,<br><br>　　　　　　　　　Defendants. | CASE NO: 11-CV-3002-W-(NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT [DOC. 15]** |

　　　Pending before the Court is Plaintiff Tina Merchant's motion to set aside judgment under Federal Rule of Civil Procedure 60(b). Defendants Bank of America Corporation ("BOA"), BAC Home Loan Servicing LP ("BAC"), and Bank of New York Mellon ("BNY") oppose.

　　　The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons discussed below, the Court **DENIES** Plaintiff's motion [Doc. 15].

//

//

## I. BACKGROUND

On April 5, 2006, Plaintiff obtained a mortgage loan from the now-defunct lender MORTGAGEIT for real property located at 3220 Atlas Street, San Diego, California (the "Property"). (*FAC* [Doc.10] ¶¶ 1, 12.) The loan was secured by a Deed of Trust in favor of MORTGAGEIT, which named Mortgage Electronic Registration Systems, Inc. as beneficiary and Lands America Southland Title as trustee. (*Id.* ¶ 20.) Later, BOA took over as the servicer of the loan. (*Id.* ¶ 33.)

On November 29, 2010, Recontrust Company ("Recontrust") filed a Notice of Default and Election to Sell under Deed of Trust with the San Diego County Recorder's Office. (*See RJN* [Doc. 11-2] Ex. B.) Recontrust then filed a Notice of Trustee's Sale on March 9, 2011, declaring that a sale would take place on April 1, 2011.(*Id.* [Doc. 11-2] Ex. D.) The sale did not go forward.

On November 22, 2011, Plaintiff filed this lawsuit in the San Diego Superior Court. On December 22, 2011, Defendants removed the action to this Court under diversity and federal question jurisdiction. Thereafter, Defendants filed a motion to dismiss the complaint. On May 10, 2012, this Court granted-in-part and denied-in-part the motion, and granted leave to amend. (*See 5/10/12 Order* [Doc. 8].)

On May 29, 2012, Plaintiff filed the FAC. On June 15, 2012, Defendants filed another motion to dismiss. Plaintiffs never filed an opposition to that motion, and on July 31, 2012, this Court granted the motions to dismiss the FAC based on Plaintiffs' failure to oppose. (*See Dismissal Order* [Doc. 13].) Plaintiffs now seek to set aside the Dismissal Order.

## II. ANALYSIS

Federal Rule of Civil Procedure 60(b)(1) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on grounds of "mistake, inadvertence, surprise, or excusable neglect." As the Ninth Circuit has recognized, "Rule 60(b) is remedial in nature and . . . must be liberally applied." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (quoting Falk v.

1 <u>Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984)).  Relief under rule 60(b), however, is not a
2 matter of right, and courts have discretion whether to grant it.  <u>See</u> <u>Carter v. United
3 States</u>, 973 F.2d 1479, 1489 (9th Cir. 1992.)

4 Where relief from default judgment is sought on the ground of "excusable
5 neglect," all relevant circumstances must be taken into account in determining whether
6 neglect was "excusable."     <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.
7 Partnership</u>, 507 U.S. 380, 395 (1993).    The determination of whether a party's
8 inaction in a case constitutes excusable neglect is "at bottom an equitable one, taking
9 account of all relevant circumstances surrounding the party's omission," including (1)
10 "the danger of prejudice to the [non-moving party]," (2) "the length of the delay and
11 its potential impact on judicial proceedings," (3) "the reason for the delay, including
12 whether it was within the reasonable control of the movant," and (4) "whether the
13 movant acted in good faith." <u>Briones v. Riviera Hotel & Casino</u>, 116 F.3d 379, 381-82
14 (9th Cir. 1997) (quoting <u>Pioneer Inv. Servs. Co.</u>, 507 U.S. at 391).  These four factors
15 are not an exclusive list, but provide a framework with which to determine whether
16 missing a filing deadline constitutes "excusable neglect." <u>Id.</u> at 381.

17 Plaintiffs contend that the Dismissal Order should be set aside due to "excusable
18 neglect" because their "counsel's failure to file a timely response to Defendants' Motion
19 to Dismiss Plaintiffs' First Amended Complaint was not as a result of Plaintiffs' counsel's
20 culpable conduct as she was not aware that Defendants even filed a Motion to Dismiss
21 Plaintiffs' First Amended Complaint." (*Set Aside Mt.* [Doc. 15], 7:10–13.)  The Court
22 is not persuaded.

23 Defendants have not contested the Plaintiff's claim that "[s]etting aside the
24 judgment in this case would not prejudice the Defendants but restore the parties to an
25 even footing in the litigation and allow the case to be determined on the merits." (*Set
26 Aside Mt.* [Doc. 15], 7:26–28.)   Moreover, Defendants do not refute Plaintiff's claim

27
28

that setting aside the judgment here will not meaningfully delay the proceedings.  (*See Id.* at 7:28-8:2).  Thus, the first two factors favor Plaintiff[1].

Plaintiff's counsel's claim that "she was not aware that Defendants even filed a Motion to Dismiss" is difficult to reconcile with the relevant facts.  When BOA filed its motion, Plaintiff's counsel was registered with CM/ECF, the court's electronic notification system.  As a result, Plaintiff's counsel was automatically electronically served with BOA's motion to dismiss.  See Civ. L.R. 5.4 (c).  Indeed, the CM/ECF electronic receipt on the docket confirms that Plaintiff's counsel was served with the motion on June 15 at 4:01 p.m. at the same email address (e.g., veronica@vaguilarlaw.com) as BOA's previous motion to dismiss, which was electronically served on December 29, 2011 at 3:44 p.m. to which Plaintiff responded.  Finally, assuming Plaintiff's counsel did not receive the electronically served version of BOA's motion, BOA's proof of service confirms that she was served with a copy of the motion by regular U.S. mail. (*See Proof of Serv.* [Doc. 11-1], 20.)   Plaintiff has provided no explanation as to why she did not receive the court's electronic notification of BOA's motion or the copy of the motion served by regular U.S. mail.

In addition, Plaintiff's counsel's claimed lack of "culpability" cannot be reconciled by her presumed knowledge of the normal pleading deadlines applicable to civil cases. Federal Rule of Civil Procedure 15(a)(3) requires a defendant to respond to an amended pleading "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."  Plaintiff's FAC was filed on May 29, 2012 (*see FAC* [Doc. 10]).   Under Rule 15(a)(3), Defendants' responsive pleading was clearly due by the end of June 2012.  Assuming (1) that Plaintiff's counsel was keeping track of deadlines in this case and (2) that she did

---

[1] Unfortunately, neither Plaintiff nor Defendants cite *Pioneer* or *Briones* in their papers and fail to discuss any of the equitable factors for evaluating a 60(b) motion outlined therein in any detail.  Nonetheless, this Court has construed both parties arguments to address these equitable factors.

11cv3002w

- 4 -

not believe BOA had filed the motion to dismiss, Plaintiff's counsel should have believed that by July 1, 2012, BOA had failed to respond to the FAC. Yet, as of July 31, 2012, Plaintiff's counsel had apparently done nothing to determine whether BOA had responded to the FAC. For these reasons, the Court finds that the third factor heavily favors Defendants as Plaintiff has failed to provide any reason as to why Plaintiff's counsel did not receive notice of BOA's motion to dismiss, and thus has failed to provide a sufficient and credible reason for failing to file an opposition to BOA's motion.

Finally, Plaintiff argues that her counsel's failure to timely respond to BOA's motion to dismiss was not in bad faith because she was not aware that Defendants even filed a motion to dismiss. (*Set Aside Mt.* [Doc. 15, 7:3-15].) However, as previously mentioned, Plaintiff has provided no credible explanation in her moving papers as to why she was unaware of the pending motion. In addition, in opposition, Defendants allege that it is "likely that Plaintiff's counsel did in fact receive Defendants' motion to dismiss via CM/ECF, but failed to file a timely opposition." (*Opp'n* [Doc. 16, 3:9-10].) The Court construes this as an allegation of bad faith, as it directly contradicts Plaintiff's claim that she had no idea a motion was filed and instead suggests that Plaintiff failed to respond on purpose. Plaintiff did not file a reply refuting this claim. Thus, the Court finds that the fourth factor favors Defendants.

Despite the fact that Plaintiff has shown that setting aside the judgment would not prejudice the Defendants and not materially delay proceedings, this Court finds Plaintiff's inability to articulate a credible reason for missing its deadline to respond and failure to respond to Defendants' allegation of bad faith dispositive here. Simply stating that counsel did not know about a pending motion, without an explanation as to why counsel was unaware of the motion, is not enough to carry Plaintiff's burden.

//
//
//

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion to set aside [Doc. 15] is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 11, 2012

Hon. Thomas J. Whelan
United States District Judge